**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MAX DRYERMAN, a single adult; CARRIE CHALUP, as Executrix of the ESTATE OF DAVID W. DRYERMAN, Deceased; RENEE LITWIN, as Executrix of the ESTATE OF MICHELE D. DRYERMAN, Deceased, and as Administratrix Ad Prosequendum of the Estate of BROOKE H. DRYERMAN, Deceased, | CIVIL ACTION<br><br>Case No.:  2:25-cv-11997<br><br>JURY TRIAL DEMANDED |
| *Plaintiffs*, | |
| v. | |
| TESLA, INC. | |
| *Defendant.* | |

## ANSWER AND SEPARATE DEFENSES OF DEFENDANT, TESLA, INC., TO PLAINTIFFS' AMENDED COMPLAINT

Defendant, Tesla, Inc. ("Tesla"), through its attorneys, Bowman and Brooke LLP, serves the following Answer and Separate Defenses to Plaintiffs' Amended Complaint:

## PARTIES

1.      Denied as a conclusion of law. To the extent that a further affirmative response is required, after reasonable investigation, Tesla is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph and, therefore, said averments are denied.

2.      Denied as a conclusion of law. To the extent that a further affirmative response is required, after reasonable investigation, Tesla is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph and, therefore, said averments are denied.

32258727v1

3.      Denied as a conclusion of law. To the extent that a further affirmative response is required, after reasonable investigation, Tesla is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph and, therefore, said averments are denied.

4.      Denied as a conclusion of law. To the extent that a further affirmative response is required, after reasonable investigation, Tesla is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph and, therefore, said averments are denied.

5.      Denied.  After reasonable investigation, Tesla is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph and, therefore, said averments are denied.

6.      Denied as stated.  Tesla admits that its records indicate that David Dryerman was the owner of 2024 Tesla Model S bearing VIN: 5YJSA1E56RF542606 and that the vehicle was scheduled for delivery on August 24, 2024.

7.      Denied as stated.  Tesla admits that it is a Texas corporation with its principal place of business in Texas. Tesla further admits that, at the times relevant to the crash giving rise to this litigation, it was engaged in the business of designing in part, manufacturing in part, marketing, advertising and distributing certain consumer vehicles. Tesla denies any remaining allegations in this paragraph.

8.      Denied as stated.  Tesla admits generally that it does business in the state of New Jersey.

9.      Denied as stated.  Tesla admits it is a designer, manufacturer and seller of certain consumer automobiles, including the 2024 Tesla Model S (VIN: 5YJSA1E56RF542606). Tesla denies any remaining allegations in this paragraph.

## PERTINENT BACKGROUND INFORMATION

10.     Denied as stated.  Tesla admits only that it equipped certain Tesla vehicles with a suite of driver assistance features collectively referred to as "Autopilot."  To the extent that a further affirmative response is required, Tesla denies the averments in this paragraph.

11.     Denied as stated.  Tesla admits only that it equipped certain Tesla vehicles with a suite of driver assistance features collectively referred to as "Autopilot."  Tesla denies that this suite of features rendered the vehicle self-driving.  Tesla denies the remaining allegations in this paragraph.

12.     Denied as stated.  Tesla admits only that it equipped certain Tesla vehicles with a suite of driver assistance features collectively referred to as "Autopilot."  Tesla denies that this suite of features rendered the vehicle self-driving.  Tesla denies the remaining allegations in this paragraph.

13.     Denied as stated.  Tesla admits that it released its version 7.0 software in 2015. Tesla denies the allegations related to statements by Tesla CEO Elon Musk as an incomplete and out of context statement.

14.     Denied.  Tesla denies the allegations related to statements by Tesla CEO Elon Musk as an incomplete and out of context statement.

15.     Denied as a conclusion of law. To the extent that a further affirmative response is required, Tesla denies the averments in this paragraph.

16.     Denied as a conclusion of law. To the extent that a further affirmative response is required, after reasonable investigation, Tesla is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph and, therefore, said averments are denied.

17.     Denied as stated. Tesla admits that it is aware of crashes involving Tesla vehicles. To the extent that a further affirmative response is required, Tesla denies the averments in this paragraph.

18.     Denied as stated. Tesla admits only that it equipped certain Tesla vehicles with a suite of driver assistance features collectively referred to as "Autopilot." Tesla denies that this suite of features rendered the vehicle self-driving. By way of further response, Tesla's Owner's Manual is a document which speaks for itself.

19.     Denied as stated. Tesla admits only that it equipped certain Tesla vehicles with a suite of driver assistance features collectively referred to as "Autopilot." Tesla denies that this suite of features rendered the vehicle self-driving. To the extent that a further affirmative response is required, after reasonable investigation, Tesla is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph and, therefore, said averments are denied.

20.     Denied as stated. Tesla admits only that it equipped certain Tesla vehicles with a suite of driver assistance features collectively referred to as "Autopilot." To the extent that a further affirmative response is required, Tesla denies the averments in this paragraph.

21.     Denied. Tesla denies the allegations in this paragraph as they are based upon incomplete or out of context quotes.

22.     Denied as stated.  Tesla admits that the only warranty it made with respect to the 2024 Tesla Model S is the express warranty that accompanied the sale of the vehicle. Tesla incorporates by reference the terms of its express warranty. Tesla denies the remaining allegations contained in this paragraph.

23.     Denied.  Tesla denies that it was negligent or reckless.  Tesla further denies that its vehicles are not crashworthy and are unreasonably dangerous and defective.

24.     Denied.  Tesla denies that it failed to provide adequate warnings.  Tesla further denies that it made misrepresentations concerning the vehicle.

25.     Denied.  Tesla denies that its vehicle was defective in design or manufacture.

26.     Denied.  Tesla denies that its vehicle was defective or unreasonably dangerous.  To the extent a further affirmative response is required, Tesla denies the allegations contained in this paragraph.

27.     Denied.  After reasonable investigation, Tesla is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph and, therefore, said averments are denied.

28.     Denied.  Tesla denies that its vehicle or any of its features was defective in any way or that any defects caused or contributed to Plaintiffs' alleged injuries or claimed damages.  To the extent a further affirmative response is required, Tesla denies the allegations contained in this paragraph.

## JURISDICTION & VENUE

29.     Denied as a conclusion of law. To the extent that a further affirmative response is required, after reasonable investigation, Tesla is without knowledge or information sufficient to

form a belief as to the truth or falsity of the averments in this paragraph and, therefore, said averments are denied.

30.    Denied as stated.  Tesla admits generally that it has done business in the state of New Jersey but denies the remaining allegations in this paragraph.

31.    Denied as a conclusion of law. To the extent that a further affirmative response is required, after reasonable investigation, Tesla is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph and, therefore, said averments are denied.

## STATEMENT OF MATERIAL FACTS REGARDING THE COLLISION

32.    Tesla incorporates by reference its response to the allegations of Plaintiffs' Complaint, as though said answers were fully set forth herein.

33.    Denied.  After reasonable investigation, Tesla is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph and, therefore, said averments are denied.

34.    Denied.  After reasonable investigation, Tesla is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph and, therefore, said averments are denied.

35.    Denied.  After reasonable investigation, Tesla is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph and, therefore, said averments are denied.

36.    Denied.  Tesla denies that its vehicle or any of its features was defective in any way or that any defects caused or contributed to plaintiffs' alleged injuries or claimed damages.  To the

extent a further affirmative response is required, Tesla denies the allegations contained in this paragraph.

### COUNT ONE
### PURSUANT TO THE NEW JERSEY PRODUCTS LIABILITY ACT
### N.J.S.A. 2A:58C-1 et. seq.)
### <u>SURVIVORSHIP ACTION</u>

37.     Tesla incorporates by reference its response to the allegations of Plaintiffs' Complaint, as though said answers were fully set forth herein.

38.     Denied as a conclusion of law. To the extent that a further affirmative response is required, after reasonable investigation, Tesla is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph and, therefore, said averments are denied.

39.     Denied as a conclusion of law. To the extent that a further affirmative response is required, after reasonable investigation, Tesla is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph and, therefore, said averments are denied.

40.     Denied as stated.  Tesla admits only that it is and has been engaged in the business of designing, testing, inspecting and manufacturing, in part, Tesla motor vehicles, and distributing and selling said motor vehicles, including the 2024 Tesla Model S.

41.     Denied.  Tesla denies that its vehicle or any of its features was defective in any way or that any defects caused or contributed to Plaintiffs' alleged injuries or claimed damages.  Tesla denies that it failed to provide adequate warnings.   Tesla further denies that its vehicle did not conform to the express warranties issued by Tesla.  To the extent a further affirmative response is required, Tesla denies the allegations contained in this paragraph.

42.     Denied.    Tesla denies that its vehicle or any of its features was defective or unreasonably dangerous in any way or that any defects caused or contributed to Plaintiffs' alleged injuries or claimed damages.  Tesla denies that it failed to provide adequate warnings.  Tesla further denies that it made misrepresentations concerning the vehicle.   To the extent a further affirmative response is required, Tesla denies the allegations contained in this paragraph.

43.     Denied.    Tesla denies that its vehicle or any of its features was defective or malfunctioned in any way or that any defects or malfunctions caused or contributed to Plaintiffs' alleged injuries or claimed damages.  To the extent a further affirmative response is required, Tesla denies the allegations contained in this paragraph.

44.     Denied.    Tesla denies that its vehicle or any of its features was defective or malfunctioned in any way or that any defects or malfunctions caused or contributed to Plaintiffs' alleged injuries or claimed damages.  To the extent a further affirmative response is required, Tesla denies the allegations contained in this paragraph.

45.     Denied.    Tesla denies that its vehicle or any of its features was defective or malfunctioned in any way or that any defects or malfunctions caused or contributed to Plaintiffs' alleged injuries or claimed damages.  To the extent a further affirmative response is required, Tesla denies the allegations contained in this paragraph.

46.     Denied.    Tesla denies that its vehicle or any of its features was defective or malfunctioned in any way or that any defects or malfunctions caused or contributed to Plaintiffs' alleged injuries or claimed damages.  Tesla further denies that that its vehicle or any of its features failed to meet the expectations of the reasonable consumer or user.   To the extent a further affirmative response is required, Tesla denies the allegations contained in this paragraph.

47.    Denied.  Tesla denies that its vehicle or any of its features was defective or unreasonably dangerous in any way or that any defects caused or contributed to Plaintiffs' alleged injuries or claimed damages.  To the extent a further affirmative response is required, Tesla denies the allegations contained in this paragraph.

48.    Denied.  Tesla denies that its vehicle or any of its features was defective or not reasonably safe in any way or that any defects caused or contributed to Plaintiffs' alleged injuries or claimed damages.  To the extent a further affirmative response is required, Tesla denies the allegations contained in this paragraph.

49.    Denied as a conclusion of law.

50.    Denied.  Tesla denies that its vehicle or any of its features was defective or unreasonably dangerous in any way or that any defects caused or contributed to Plaintiffs' alleged injuries or claimed damages.  To the extent a further affirmative response is required, Tesla denies the allegations contained in this paragraph.

51.    Denied.

52.    Denied.  Tesla denies that its vehicle or any of its features was defective or unreasonably dangerous in any way or that any defects caused or contributed to Plaintiffs' alleged injuries or claimed damages.  Tesla further denies that it disregarded the safety of others in any respect.  To the extent a further affirmative response is required, Tesla denies the allegations contained in this paragraph.

53.    Denied.  Tesla denies that its vehicle or any of its features was defective or unreasonably dangerous in any way or that any defects caused or contributed to Plaintiffs' alleged injuries or claimed damages.  To the extent a further affirmative response is required, Tesla denies the allegations contained in this paragraph.

54.     Denied.  Tesla denies that its vehicle or any of its features was defective or unreasonably dangerous in any way or that any defects caused or contributed to Plaintiffs' alleged injuries or claimed damages.  Tesla further denies that it engaged in any wrongful conduct.  To the extent a further affirmative response is required, Tesla denies the allegations contained in this paragraph.

55.     Denied.  Tesla denies that its vehicle or any of its features was defective or unreasonably dangerous in any way or that any defects caused or contributed to Plaintiffs' alleged injuries or claimed damages.  Tesla further denies that it breached any duty.  To the extent a further affirmative response is required, Tesla denies the allegations contained in this paragraph.

56.     Denied.  Tesla denies that its vehicle or any of its features was defective or unreasonably dangerous in any way or that any defects caused or contributed to Plaintiffs' alleged injuries or claimed damages.  Tesla further denies that it engaged in any egregious conduct.  To the extent a further affirmative response is required, Tesla denies the allegations contained in this paragraph.

WHEREFORE, Defendant, Tesla, Inc., demands judgment in its favor and against Plaintiffs.

**COUNT TWO**
**PURSUANT TO THE NEW JERSEY PRODUCTS LIABILITY ACT**
**(N.J.S.A. 2A:58C-1 et. seq.)**
**WRONGFUL DEATH**

57.     Tesla incorporates by reference its response to the allegations of Plaintiffs' Complaint, as though said answers were fully set forth herein.

58.     Denied.  Tesla denies that its vehicle or any of its features was defective or unreasonably dangerous in any way or that any defects caused or contributed to Plaintiffs' alleged injuries or claimed damages.  To the extent a further affirmative response is required, Tesla denies the allegations contained in this paragraph.

59.     Denied as a conclusion of law. To the extent that a further affirmative response is required, after reasonable investigation, Tesla is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph and, therefore, said averments are denied.

60.     Denied.  Tesla denies that is vehicle or any of its features was defective in any way or that any defects caused or contributed to Plaintiffs' alleged injuries or claimed damages.  Tesla further denies that its vehicle did not conform to the express warranties issued by Tesla.  To the extent a further affirmative response is required, Tesla denies the allegations contained in this paragraph.

61.     Denied.  Tesla denies that its vehicle or any of its features was defective in any way or that any defects caused or contributed to Plaintiffs' alleged injuries or claimed damages.  To the extent a further affirmative response is required, Tesla denies the allegations contained in this paragraph.

62.     Denied.  Tesla denies that its vehicle or any of its features was defective or malfunctioned in any way or that any defects or malfunctions caused or contributed to Plaintiffs' alleged injuries or claimed damages.  To the extent a further affirmative response is required, Tesla denies the allegations contained in this paragraph.

63.     Denied.  Tesla denies that its vehicle or any of its features was defective or malfunctioned in any way or that any defects or malfunctions caused or contributed to Plaintiffs' alleged injuries or claimed damages.  To the extent a further affirmative response is required, Tesla denies the allegations contained in this paragraph.

64.     Denied.  Tesla denies that its vehicle or any of its features was defective or malfunctioned in any way or that any defects or malfunctions caused or contributed to Plaintiffs'

alleged injuries or claimed damages. To the extent a further affirmative response is required, Tesla denies the allegations contained in this paragraph.

65. Denied. Tesla denies that its vehicle or any of its features was defective in any way or that any defects caused or contributed to Plaintiffs' alleged injuries or claimed damages. Tesla further denies that that its vehicle or any of its features failed to meet the expectations of the reasonable consumer or user. To the extent a further affirmative response is required, Tesla denies the allegations contained in this paragraph.

66. Denied. Tesla denies that its vehicle or any of its features was defective in any way or that any defects caused or contributed to Plaintiffs' alleged injuries or claimed damages. Tesla further denies that that its vehicle or any of its features was unreasonably dangerous when used in a reasonably foreseeable matter, or was not fit, suitable, or safe for its intended purposes. To the extent a further affirmative response is required, Tesla denies the allegations contained in this paragraph.

67. Denied. Tesla denies that its vehicle or any of its features was defective in any way or that any defects caused or contributed to Plaintiffs' alleged injuries or claimed damages. Tesla further denies that that its vehicle or any of its features was not reasonably safe as manufactured or sold. To the extent a further affirmative response is required, Tesla denies the allegations contained in this paragraph.

68. Denied. Tesla denies that its vehicle or any of its features was defective in any way or that any defects caused or contributed to Plaintiffs' alleged injuries or claimed damages. To the extent a further affirmative response is required, Tesla denies the allegations contained in this paragraph.

69.     Denied.  Tesla denies that its vehicle or any of its features was defective in any way or that any defects caused or contributed to Plaintiffs' alleged injuries or claimed damages.  To the extent a further affirmative response is required, Tesla denies the allegations contained in this paragraph.

WHEREFORE, Defendant, Tesla, Inc., demands judgment in its favor and against Plaintiffs

### INJURIES & DAMAGES
### Survival Action Claims Pursuant to N.J.S.A. 2A:15-3
### (New Jersey's Survival Act)

70.     Denied as a conclusion of law. To the extent that a further affirmative response is required, after reasonable investigation, Tesla is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph and, therefore, said averments are denied.

### Wrongful Death Claims Pursuant to N.J.S.A. 2A:31-1
### (New Jersey's Wrongful Death Act)

71.     Denied as a conclusion of law. To the extent that a further affirmative response is required, after reasonable investigation, Tesla is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph and, therefore, said averments are denied.

WHEREFORE, Defendant, Tesla, Inc., demands judgment in its favor and against Plaintiffs.

### SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### SECOND SEPARATE DEFENSE

Tesla denies that any act or omission by Tesla was a factual or legal cause of any alleged injuries or damages claimed by Plaintiffs.

### THIRD SEPARATE DEFENSE

To the extent justified by the facts developed in discovery and/or at the time of trial, Tesla raises the legal doctrines of release, waiver, estoppel, *res judicata* and laches.

### FOURTH SEPARATE DEFENSE

The incident about which Plaintiffs complain was caused or contributed to by the negligent act, omission and/or other culpable conduct of a party, person and/or entity over which Tesla had no right of or duty of control and therefore cannot be held liable.

### FIFTH SEPARATE DEFENSE

The incident about which Plaintiffs complain was caused or contributed to by the intervening, superseding act, omission and/or other culpable conduct of a party, person and/or entity over which Tesla had no right of or duty of control and for which Tesla cannot be held liable.

### SIXTH SEPARATE DEFENSE

If Plaintiffs have received, are receiving, are entitled to receive, or subsequently receive or become entitled to receive any recovery, compensation, or benefits from any source in connection with the injuries alleged in Plaintiffs' Complaint, then the amount of damages, if any, which may be recoverable herein, should be diminished by the amount of such recovery, compensation, or benefits.

### SEVENTH SEPARATE DEFENSE

Upon information and belief, Plaintiffs and Plaintiffs'-decedents may have failed to mitigate their damages.

32258727v1

## EIGHTH SEPARATE DEFENSE

Tesla denies that it owed Plaintiffs or Plaintiffs'-decedents a duty, but if it is established that Tesla owed a duty, then at all times Tesla observed all legal duties and obligations imposed by operation of law and otherwise, and all of its actions were careful, prudent and lawful.

## NINTH SEPARATE DEFENSE

Upon information and belief, the proximate cause of the alleged accident, injuries and damages allegedly sustained by Plaintiffs and Plaintiffs'-decedents was the failure on the part of Plaintiffs or Plaintiffs'-decedents to exercise due care for their own safety and engaging in other culpable acts and/or omissions with knowledge that a collision such as the one described in Plaintiffs' Complaint could occur, which acts and/or omissions constituted an assumption of the risk.

## TENTH SEPARATE DEFENSE

Plaintiffs' claims are barred because the damages alleged by Plaintiffs were not caused by any fault, acts or omissions of Tesla. Plaintiffs' and Plaintiffs'-decedents' alleged injuries and damages may have been caused by the negligence and carelessness of Plaintiffs'-decedents, in that they may have failed to use due care for their safety and/or failed to make proper observations or otherwise exercise reasonable care for their own safety.

## ELEVENTH SEPARATE DEFENSE

Plaintiffs'-decedents' alleged injuries may have resulted, in whole or in part, from preexisting or unrelated medical, genetic, or environmental conditions, diseases, or illnesses, or through natural causes or an unforeseeable idiosyncratic reaction peculiar to Plaintiffs'-decedents.

## TWELFTH SEPARATE DEFENSE

Plaintiffs' Complaint is barred by N.J.S.A. 2A:58C-1, *et seq.*

## THIRTEENTH SEPARATE DEFENSE

Plaintiffs' claims are barred or limited by the applicable provisions of the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-5.1, *et seq.*

## FOURTEENTH SEPARATE DEFENSE

In the event that Tesla is found liable to Plaintiffs, a liability that Tesla denies, any recovery against Tesla is reduced or barred by Plaintiffs' or Plaintiffs'-decedents' own conduct or by the conduct of other parties in accordance with the New Jersey Joint Tortfeasor's Contribution Act, N.J.S.A. 2A:53A-1, *et seq.*

## FIFTEENTH SEPARATE DEFENSE

Plaintiffs lack standing to bring the claims asserted and/or to recover for the damages claimed.

## SIXTEENTH SEPARATE DEFENSE

The vehicle was not in a defective state or unreasonably dangerous condition at the time of the collision.

## SEVENTEENTH SEPARATE DEFENSE

The vehicle was not in a defective state or unreasonably dangerous condition at the time it left the control and/or possession of Tesla.

## EIGHTEENTH SEPARATE DEFENSE

The claims against Tesla are barred by reason of the fact that the characteristics of the product were known to the ordinary consumer or user, and even assuming, without admitting, that the harm was caused by some unsafe aspect of the product, that unsafe aspect is an inherent

characteristic of the product that would be recognized by the ordinary person who uses or consumes the product with the ordinary knowledge common to the class of persons for whom the product is intended.

## NINETEENTH SEPARATE DEFENSE

Tesla made no warranty, either express or implied, to any party to this action, it did not breach any warranty, nor did it receive notice of any breach.

## TWENTIETH SEPARATE DEFENSE

The incident, injuries and damages complained of were caused by the unauthorized, unintended or improper use or misuse, overuse or abuse of the vehicle and Plaintiffs'-decedents' failure to exercise reasonable and ordinary care, caution or vigilance in the use of said product.

## TWENTY-FIRST SEPARATE DEFENSE

The theory of failure to warn is not applicable to Tesla under the facts of this litigation, but, nevertheless, if such a duty is found to have existed, then Tesla asserts that it provided all applicable warnings.

## TWENTY-SECOND SEPARATE DEFENSE

Tesla denies the applicability of the doctrine of strict liability in tort and, in any event, denies being liable under the doctrine of strict liability in tort.

## TWENTY-THIRD SEPARATE DEFENSE

At the time that the vehicle left the control of Tesla it was designed and manufactured in accordance with the state of the art.

## TWENTY-FOURTH SEPARATE DEFENSE

The vehicle and its component parts were designed, manufactured, assembled, and tested in accordance with all applicable United States governmental regulations and standards; thus,

Plaintiffs' claims are preempted by federal law, including the National Highway Traffic Safety Act, through the Supremacy Clause of the United States Constitution.

## TWENTY-FIFTH SEPARATE DEFENSE

If the product in question was distributed by Tesla, the product was fit and suitable for its intended purposes at the time it left the control of Tesla.

## TWENTY-SIXTH SEPARATE DEFENSE

Tesla denies that any action or inaction on its part proximately caused the incident or damage of which complaint is made.

## TWENTY-SEVENTH SEPARATE DEFENSE

Venue of this action may be improper.  Tesla reserves the right to move for transfer.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred by the doctrine of spoliation of the evidence.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Tesla is not strictly liable for the performance of a product that Tesla did not design or manufacture.

## THIRTIETH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' Complaint asserts a claim for punitive damages against Tesla, which Tesla denies, any award for punitive damages would violate the excessive fines clause of the Eighth Amendment to the Constitution of the United States.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiffs' Complaint asserts a claim for punitive damages against Tesla, which Tesla denies, any claims for punitive damages are barred because the awarding of punitive

damages in the present case would violate the Fourteenth Amendment to the Constitution of the United States, which guarantees due process.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiffs' Complaint asserts a claim for punitive damages against Tesla, which Tesla denies, any claims for punitive damages are barred for the reason that these claims are not supported by clear and convincing evidence as required by the due process clause of the Fourteenth Amendment to the Constitution of the United States.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiffs' Complaint asserts a claim for punitive damages against Tesla, which Tesla denies, these claims are barred by reason of the fact that the incident, injuries and condition of which complaint is made were not reasonably foreseeable to Tesla.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' Complaint asserts a claim for punitive damages against Tesla, which Tesla denies, the claims are barred by reason of the fact that the alleged harm suffered was not the result of the product manufacturer's acts or omissions, and as such acts or omissions were not actuated by malice or accompanied by a wanton and willful disregard for the safety of product users, consumers, or others who foreseeably might be harmed by the product.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' Complaint asserts a claim for punitive damages against Tesla, which Tesla denies, the claims are barred by reason of the fact that the product was handled by Tesla, to the extent that Tesla ever handled the product, with due care and in accordance with the state of the art as it existed at all times relevant to Plaintiffs' Complaint.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

The exclusive remedy for Plaintiffs' claims is the New Jersey Product Liability Act, N.J.S.A. §2A:58C-1, *et seq.*

### THIRTY-SEVENTH SEPARATE DEFENSE

To the extent justified by the facts developed in the scope of discovery or at the time of trial, Tesla reserves the right to add further separate defenses to Plaintiffs' claims against it.

### JURY DEMAND

Tesla demands a jury trial.

### CERTIFICATION

DENNIS P. ZIEMBA, ESQUIRE, of full age, certifies:

1.      I am a Partner in the law firm of Bowman and Brooke LLP and am entrusted with the preparation and trial of this case.

2.      This case is not the subject of any other court action or arbitration proceeding.

I certify that the forgoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

BOWMAN AND BROOKE LLP

BY: _____
        DENNIS P. ZIEMBA, ESQUIRE
        123 South Broad Street
        Suite 1512
        Philadelphia, PA 19109
        *Attorneys for Defendant, Tesla, Inc.*

Dated:  July 30, 2025

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Answer and Separate Defenses of Defendant, Tesla, Inc. to Plaintiffs' Amended Complaint was served on July 30, 2025 via e-amil upon all counsel of record by the Court's Electronic Filing Services.

BY: _____

DENNIS P. ZIEMBA, ESQUIRE
123 South Broad Street
Suite 1512
Philadelphia, PA 19109
*Attorneys for Defendant, Tesla, Inc.*

Dated:  July 30, 2025