The Honorable Jessica S. Allen
U.S. District Court for the District of
New Jersey
Martin Luther King Building & U.S.
Courthouse
50 Walnut Street
Newark, NJ 07102

*Max Dryerman, et al. v. Tesla, Inc.*
Case No. 2:25-CV-1197-JXN-JSA

Dear Judge Allen,

We are writing to your Honor as the result of a disagreement amongst the parties regarding proposed modifications to the standard Discovery Confidentiality Order (Appendix S) which will control the production and use of confidential information during the pendency of this case. We set forth below the parties' respective requests to modify the standard Order. And, if the Court deems it appropriate, we are prepared to prepare and serve legal briefs explaining in more detail the bases for our proposed modifications.

**Plaintiffs** [Attached as Exhibit A is Plaintiffs' proposed Discovery Confidentiality Order with italicized additions.] Plaintiffs proposed one change to the standard Confidentiality Order. This change is found in paragraph 6 (f), allowing counsel to discuss and disclose Tesla confidential information with attorneys currently litigating similar cases—but only after they have signed the applicable Order of Confidentiality.

> (f)   *Attorneys representing parties, and the experts and consultants retained by them, in other cases against the Tesla defendant alleging that the Tesla S model was defectively designed and/or careless designed in relation to claims regarding the performance of the Collision Avoidance System (or components thereof) and/or because of inadequacies in the vehicle's restraint systems/lack of crashworthiness.*

Our proposed modification does not threaten Tesla's trade secret data and its competitive position in the marketplace. No competitor will have access to these data. The only "threat" is that these

Plaintiffs and other lawyers representing similarly injured clients will have a more efficient means of representing their clients in lawsuits against Tesla. Plaintiffs submit that in a case involving a manufacturer whose product is currently subject to similar litigation across the United States, a sharing clause will allow plaintiffs' counsel to more effectively represent these clients by conferring with attorneys in similar cases regarding the confidential information produced by Tesla. See, *Sweet v. Polaris Indus.,* 2022 U.S. Dist. LEXIS 59568 (D.C. Mass.). We want to enhance our representation of the Dryerman family via discussions with other counsel pursuing similar cases. See, *Ward v. Ford Motor Co.,* 93 F.R.D. 579 (D.C. Colo. 1982). Several factors "may be considered in evaluating whether 'good cause' exists" to modify a protective order including whether "sharing of information will promote fairness and efficiency. *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.,* 924 F. 3d 662 (3rd Cir. 2019). Plaintiffs believe these factors warrant a "sharing provision.

**Tesla** opposes Plaintiffs' "sharing provision" which would jeopardize Tesla's trade secret information and impose perpetual jurisdiction upon this Court over the use and misuse of materials disclosed by Plaintiffs. Plaintiffs' counsel's purpose, to aid lawyers in other cases, is illegitimate, as discovery is not meant to arm plaintiffs worldwide. Plaintiffs' assert sharing promotes fairness and efficiency, but eDiscovery advancements eliminated many of the efficiency justifications for broad discovery sharing. Indeed, multiple federal courts concluded that litigant confidentiality interests outweigh purported interests in litigation efficiency through sharing. *See, e.g., Cohen v. Norcold, Inc.,* 2023 WL 3335048 (E.D.N.C. May 8, 2023) at 3; *Menendez ex rel. Menendez v. Wal-Mart Stores East LP*, 2012 WL 90140 (N.D. Ind., Jan. 11, 2012) at 4.

Moreover, Plaintiffs cite inapplicable authorities. Unlike the public entity information subject to FOIA at issue in *Pansy*, the information here is a private company's cutting-edge

proprietary technical information that, if disseminated, would cause significant competitive harm which the *Pansy* Court specifically noted would require different considerations. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3rd Cir. 1994). And unlike the *Sweet* sharing provision, Plaintiffs' proposed sharing provision contains no effective restrictions or limits on sharing, allowing unfettered dissemination of trade secrets and other confidential information. *Sweet v. Polaris Indus.*, 2022 WL 974139 (D.C. Mass. Mar. 31, 2022).

New Jersey District Courts consistently recognize the importance of protecting trade secrets and other confidential information. *See generally, e.g., In re Gabapentin Patent Litigation*, 312 F.Supp.2d 653 (2004). Plaintiffs' counsel's sole purpose for insisting on a sharing provision appears to be to funnel Tesla's protected information to collateral litigants and others, a purpose that the Supreme Court of the United States held is improper: "[W]hen the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery is properly denied." *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352-53 n.17 (1978).

As Plaintiffs remain free to obtain and use documents necessary for this case, Tesla respectfully requests the Court enter Tesla's proposed Confidentiality Order (Exhibit B), which largely mirrors the District's model but with added provisions requiring use of secure file transfers and prohibiting uploading confidential material into large language models. Should the Court be inclined to allow any sharing, Tesla requests the Court enter Tesla's version of a sharing provision (Exhibit C), which includes more effective sharing safeguards.

Respectfully submitted,

/s/ Miriam Benton Barish                             /s/Dennis P Ziemba
Larry E. Coben, Esquire                              Dennis P. Ziemba, Esquire
Miriam Barish, Esquire                               Joel H. Smith, Esquire
JoAnn Niemi, Esquire                                 *Counsel for Tesla, Inc.*
*Counsel for the Dryerman Family*